## Sweatman's Estate.

*Executors and administrators—Commissions—Compensation—Death of executor.*

Where a testator has fixed the amount of the compensation of his three executors in the will at a certain amount for each executor and one of the executors dies after he has qualified, his estate is entitled to the amount named in the will.

Argued Jan. 7, 1909. Appeal, No. 209, Jan. T., 1908, by Anna W. S. Keator, from decree of O. C. Phila. Co., Jan. T., 1908, No. 616, dismissing exceptions to adjudication in Estate of Virtue C. Sweatman, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication of ANDERSON, J.

DALLETT, J., filed the following opinion:

It is a fact, regrettable perhaps, that the recognition in England of an executorship or trusteeship as a post solely of honor does not prevail in this country, where such offices are too frequently looked upon, if not sought, as positions from which profit is to be derived.

And this distinction, as urged by counsel for the exceptant, must necessarily deprive the English authorities cited on behalf of the legatee of much of the weight we would otherwise accord them in our determination of the question before us.

We see no error, however, in the finding of the auditing judge. The testator directed that each one of his three executors should receive $6,000 "in lieu of all commissions." All three qualified; four months subsequently Mr. Caven died, the settlement of the estate was only well under way and the executors of course had not completed their work. We think, nevertheless, that Mr. Caven's estate is entitled to his $6,000 in full. The testator himself determined the sum that he should receive and took the risk of his executor's illness or death; the executor by accepting the post took with it the chance that the labor entailed might be greater than he could reasonably anticipate.

Did the amount named prove to be too small, we would be powerless to increase it: Hill's Estate, 16 Pa. Dist. Rep. 984; Hays's Estate, 183 Pa. 296.

And when the executor once qualified as executor he became entitled to some compensation—whether little or much is immaterial; his death did not deprive his estate of his right to what had been earned, and it was in lieu of that compensation that he was given his legacy.

It must be presumed as was said in Harper's Appeal, 111 Pa. 243, that the testator had in mind the possibility that death might reduce the number of his executors and that he considered such a contingency when he fixed the compensation to be paid to each of them.

The exceptions are dismissed.

*Errors assigned* were in dismissing exceptions to adjudication

*Lester B. Johnson*, with him *John F. Keator*, for appellant, cited: Harper's App., 111 Pa. 243; Hay's Est., 183 Pa. 296; Murray's Est., 28 Pa. Superior Ct. 474; Jacoby's Est., 7 Northampton, 163; Twaddell's App., 81* Pa. 221; Walker's Est., 9 S. & R. 223.

*Fell & Spalding, Wm. N. Trinkle* and *John C. Bell*, for appellee, cited: Fetrow's Est., 58 Pa. 424; Bickel's Est., 9 Pa. Dist. Rep. 129; Harper's App., 111 Pa. 243; Scofield v. St. John, 65 Howard's Prac. (N. Y.) 292; Kirkland v. Narramore, 105 Mass. 31; Harrison v. Rowley, 4 Ves. 212; Lewis v. Mathews, L. R. 8 Eq. 277; In re Hawkin's Trusts, 33 Beav. 570.

PER CURIAM, March 1, 1909:

The order dismissing exceptions to the adjudication is affirmed for the reasons stated in the opinion of the learned judge of the orphans' court.